Case 4:21-cr-00123   Document 1   Filed on 03/10/21 in TXSD   Page 1 of 8

United States Courts
Southern District of Texas
FILED

*March 10, 2021*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § v. § § KEITH ANTON JOHNSON, § § Defendant. § | CRIMINAL NO.: **4:21-cr-123** 18 U.S.C. § 1343 Wire Fraud (Count 1) |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

A.  **THE SCHEME TO DEFRAUD**

1. From on or about April 30, 2020, in the Houston Division of the Southern District of Texas, and elsewhere,

**KEITH ANTON JOHNSON**

defendant herein, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by false and fraudulent pretenses, representations and promises, from the United States Treasury, and in so doing, transmitted, or caused to be transmitted by way of wire, radio, and television communication in interstate commerce any writing, sign, signal, picture, and sound for the purpose of executing such scheme, all as more fully set forth below.

B.     **GENERAL ALLEGATIONS**

1.     Defendant KEITH ANTON JOHNSON was a resident of Bryan/College Station area of Texas, within the Southern District of Texas.

2.     In or about January 2020 through July 2020, Defendant KEITH ANTON JOHNSON, in conjunction with others, owned and operated KJR Entertainment Holdings LLC (KJR Entertainment), a corporation registered in the State of Texas. The primary concern of KJR Entertainment was the operation of a bar and live music venue in Bryan, Texas within the Southern District of Texas named "Southerns."

### *The Small Business Administration*

3.     The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

### *The Paycheck Protection Program*

4.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 that was designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through

a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

5. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the applicant (through its authorized representative) was required to state, among other things: (a) its average monthly payroll expenses; and (b) its number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, the applicant was required to provide documentation showing its payroll expenses.

6. Application forms for the PPP provided by the SBA required the applicant to certify and attest to various qualifiers, including Question #5 on SBA Form 2483, "Are you presently subject to an indictment, criminal information, arraignment, or other means by which formal charges are brought in any jurisdiction, or presently incarcerated, on probation or parole?"

7. A business's PPP loan application was received and processed, in the first instance, by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

8. PPP loan proceeds were required to be used by the business on certain permissible expenses: payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time after receiving the proceeds and used a certain amount of the PPP loan proceeds on payroll expenses.

C. **MANNER AND MEANS OF THE SCHEME TO DEFRAUD**

9. On April 30, 2020, defendant KEITH ANTON JOHNSON (JOHNSON) submitted an update loan application for PPP funds based on his representations of the current payroll of "Southerns." He submitted the application in his personal capacity and in his capacity as a director of KJR Entertainment.

10. Defendant JOHNSON's application was submitted to participating lender Prosperity Bank, based in El Campo and Houston, Texas. During the application process, participating lender Prosperity Bank transmitted, via wire and email transmission, portions of defendant JOHNSON's application to the Small Business Administration disbursement agencies, whose servers are located in Little Rock, Arkansas and Raleigh, North Carolina, these transactions moving in interstate commerce.

11. Based on representations defendant JOHNSON made on his April 6, 2020 initial application and his April 30, 2020 updated loan application, the SBA granted JOHNSON a PPP loan of $123,500.00 to fund payroll, rent, and utilities for KJR Entertainment and the "Southerns" venue. Prosperity Bank disbursed those funds to Johnson and KJR Entertainment and was

4

reimbursed through the PPP program and the SBA, with the monies drawn from the United States Treasury.

12. The SBA Form 2483 submitted by defendant JOHNSON to Prosperity Bank on April 30, 2020, contains a qualifying question which reads: "Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal charges are brought in any jurisdiction, or presently incarcerated, on probation or parole?" Defendant JOHNSON answered "NO" by checking a box and then initialed a statement declaring that all of the information contained in the loan application was true. This statement was signed under penalty of perjury. The SBA form Defendant JOHNSON submitted on April 6, 2020 contains a similar question, and Johnson again stated "NO" when asked if he was under indictment.

13. In fact, at the time he applied for PPP funds through Prosperity Bank, defendant JOHNSON was under indictment in Harris County, Texas for the felony offense of Theft-Aggregate, over Three Hundred Thousand Dollars, as reflected by indictment cause number 1639125. That indictment was returned by a Harris County, Texas Grand Jury on July 17, 2019.

14. The Harris County felony indictment cause number 1639125 was assigned to the 338th District Court of Texas, sitting in Harris County, Texas. Defendant JOHNSON made several personal appearances in the case and retained an attorney to represent him in the matter. Defendant JOHNSON's indictment cause number 1639125 remains pending in the 338th District Court.

15. On or about April 30, 2020, Defendant Johnson submitted to Prosperity Bank required payroll information purporting to be that of current employees of the "Southerns" venue,

employed by KJR Holdings, to justify the basis for a PPP loan. On these forms, Johnson submitted payroll information that claimed J. F., a one-time employee of "Southerns," was still currently employed by "Southerns" and had received his monthly salary of $7,211.55 on March 12, 2020.

16. In fact, at the time of defendant JOHNSON's application, J.F. was no longer employed at "Southern's," having quit in January of 2020. Former employee J.F. received his final paycheck on January 18, 2020.

### D. EXECUTION OF THE SCHEME

### COUNT ONE

16. The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1-15, as if fully set forth herein.

17. On or about April 30, 2020, in the Southern District of Texas and elsewhere, the defendant,

### KEITH ANTON JOHNSON,

did knowingly devise and intend to devise a scheme and artifice to defraud the Small Business Administration, an executive branch agency of the United States Government, by means of materially false and fraudulent pretenses and representations, namely by causing Prosperity Bank to disburse funds via SBA Loan # 24847873 to accounts controlled by KEITH ANTON JOHNSON and to be reimbursed by the Small Business Administration, through a series of false

and fraudulent statements, namely that he was not currently under indictment when in fact at the time of the application he was under indictment for a felony offense in Harris County, Texas under cause number 1639125, transmitted via wire transaction between KEITH ANTON JOHNSON, Prosperity Bank and the Small Business Administration in Bryan, Texas, Little Rock, Arkansas, and Raleigh, North Carolina in interstate commerce in furtherance of executing the scheme.

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF CRIMINAL FORFEITURE
## (18 U.S.C. § 982(a)(7); 18 U.S.C. § 981(a)(1)(C))

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States gives notice that upon Defendant's conviction of any wire fraud offense charged in this Indictment, the United States will seek forfeiture of all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice that upon Defendant's conviction of wire fraud offenses charged in this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

## MONEY JUDGMENT AND SUBSTITUTE ASSETS

The United States gives notice that it will seek a money judgment against the Defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendant up to the amount of the money judgment.

**A TRUE BILL**

 Original Signature on file
FOREPERSON OF THE GRAND JURY

JENNIFER LOWERY
Acting United States Attorney
Southern District of Texas

By: *Thomas H. Carter*
THOMAS H. CARTER
Assistant United States Attorney
Southern District of Texas